**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BYRON KEVIN BEAVER,                                                                    PETITIONER
ADC #153230

v.                                             5:15CV00032-BSM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                      RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   BACKGROUND**

A Faulkner County jury found Petitioner, Byron Kevin Beaver, guilty of three counts of raping his son between the dates of January 2010 and August 2011. (Doc. No. 6-4.) Mr. Beaver was sentenced to three consecutive thirty-year terms of imprisonment for a total of ninety years in the Arkansas Department of Correction. (*Id.*)

He filed a direct appeal of his conviction raising the sole argument that there was insufficient evidence of penetration for the third count. *Beaver v. State*, 2014 Ark. App. 188 *1. The Court of Appeals affirmed, quoting the then-eight-year-old victim's testimony at trial:

> I call that body part that I just touched there [a penis] the tenders. I use my

2

> tenders for going to the bathroom. I'm okay. When I say that [Petitioner] would touch my tenders, he would use his hand to touch my tenders, sometimes. There were other body parts that he would touch my tenders with. He would use his mouth. As to how he would touch my tenders with his mouth, he would go up and down with his mouth. When he would go up and down with his mouth, my tenders were in his mouth . . .This happened at my house, at the lake house . . . It happened in my room and my parents' [room]. When he would touch my tenders, when his mouth would be on my tenders, this would happen in the bed . . . It was just [Petitioner] and I in the room where this happened in my house. I remember it was at nighttime.
>
> I have an Aunt Sherry . . . [Petitioner] touched me in Aunt Sherry's house. I remember I was in the bedroom at Aunt Sherry's house. When I was at Aunt Sherry's house, he would touch me the same way he did almost every time[1] . . . There were other places besides Aunt Sherry's house and my lake house that my dad touched me. That was at the White River[2] and the deer camp. . . I call that the bottoms. My dad touched me there. That happened at the White River only; that only happened at the White River. I remember how he touched me there; he put his finger—on my bottom. When I say on my bottom, I mean like on the inside.

*Beaver v. State*, 2014 Ark. App. 188, *2-3.  Mr. Beaver did not appeal his conviction to the Arkansas Supreme Court, nor did he file a Rule 37.1 petition.  (Doc. No. 1.)  He did move to have his sentences run concurrently, but the Faulkner County Circuit Court denied the motion on January 29, 2015.  (Doc. No. 6-11.)

Mr. Beaver now seeks federal habeas relief alleging four grounds: (1) he was denied due process because the State did not sufficiently prove the third count of rape; (2) he was denied effective assistance of counsel; (3) his punishment is cruel and unusual because he was given a "life sentence;" and (4) he was denied equal protection because the State was

---

[1]This is the rape Petitioner argues was not sufficiently proven at trial.

[2]Mr. Beaver was not charged with the digital penetration of the anus because that conduct occurred outside the jurisdiction of Faulkner County.

allowed to have witnesses, but he was not. (Doc. No. 1.) In the Response filed April 13, 2015, Respondent counters that the State courts are entitled to deference on ground one, and grounds two through four are procedurally defaulted. For the following reasons, this Court agrees and finds the Petition should be DISMISSED.

## II. ANALYSIS

### A. Limited Deferential Review

Mr. Beaver argues that the State failed to prove sufficiency of the evidence on the third count of rape. He says that because the child victim did not testify to actual penetration when describing the third rape, the State did not prove that charge beyond a reasonable doubt. Mr. Beaver extends this argument in a Reply to the Response by critiquing his son's testimony. He contends "there is a great deal of difference in 'almost' and 'just like,'" and "even a third grade child knows the difference between almost and just like." (Doc. No. 13.) He also argues the Court of Appeals was in error when it assumed that a reasonable jury could have decided that the Petitioner touched the child in the same way every time. (*Id.*)

In the interests of finality and federalism, federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005). Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

4

>    Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). Such is not the case here.

The Arkansas Court of Appeals affirmed Mr. Beaver's conviction based on Arkansas law that a conviction stands if there is substantial evidence to support it. The court stated:

> A rape victim's uncorroborated testimony describing penetration may constitute substantial evidence to sustain a conviction of rape, even when the victim is a child. *Woods v. State*, 2013 Ark. App. 739, — S.W.3d —. The rape victim's testimony need not be corroborated, and scientific evidence is not required. *Id*. Moreover, it is the function of the jury, and not the reviewing court, to evaluate the credibility of witnesses and to resolve any inconsistencies

5

> in the evidence. *Breeden*, supra.
>
> . . .
>
> The incident in question took place at the Faulkner County home of the victim's Aunt Sherry. When asked at trial how appellant touched him on that occasion, the then eight-year-old victim responded "the same way he did almost every time." Appellant argues that this is too ambiguous to support a finding of penetration and that his conviction for rape on this count is therefore not supported by substantial evidence. We do not agree. We conclude that the boy's testimony regarding the nature of the abuse makes it clear that the way appellant violated him "almost every time" was by putting the boy's penis in his mouth.

*Beaver v. State*, 2014 Ark. App. 188, *1, 2 (2014).

As the appellate court explains, it is the jury's job to decide the witness's credibility and what he meant by "almost every time." The Arkansas Court of Appeals found the victim's testimony was sufficient to prove the third rape count, and this finding is not contrary to clearly established federal law nor is it based on an unreasonable determination of the facts. Therefore, this Court must give deference to the Arkansas Court of Appeals and deny Petitioner relief.

**B.     Procedural Default**

Respondent argues that Mr. Beavers's remaining claims are procedurally defaulted. Because the State of Arkansas was never given an opportunity to address the constitutionality of the issues presented in the current Petition, this Court agrees.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); See 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court

remedies before raising a claim in a federal habeas corpus proceeding). As a matter of comity and federalism, the state courts should have a proper opportunity to address a petitioner's claims of constitutional error before those claims are presented to the federal court. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted). Failure to do so will result in a procedural default. *Kennedy v. Delo,* 959 F.2d 112, 115 (8th Cir. 1992) (citing *Coleman,* 501 U.S. 722 at 749-50).

Mr. Beaver contends that his Sixth Amendment right to effective counsel was violated because the defense did not call witnesses on his behalf or preserve "anything for [him] to appeal." (Doc. No. 1 at 21.) However, Mr. Beaver has not filed a Rule 37.1 petition that would allow the state court an opportunity to address these claims. The federal court ordinarily cannot review the merits of a claim which a petitioner has never presented to any state court. *Williams v. Arkansas,* 941 F. 2d 672, 673 (8th Cir. 1991). Mr. Beaver was required to first present his ineffective assistance of counsel claims to the Arkansas courts "as required by state procedure," in a petition for post-conviction relief under Rule 37. *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *see also*, e.g., *Carrier v. State*, 278 Ark. 542, 543, 647 S.W.2d 449, 450 (1983) ("The proper remedy to challenge the adequacy of an

7

attorney's representation is a petition for post-conviction relief under [Arkansas Rules of Criminal Procedure, Rule 37].")

Mr. Beaver admits that he is procedurally defaulted because he is raising the ineffective assistance of counsel claims for the first time. (Doc. No. 1 at 30.) He argues that in light of the United States Supreme Court's holding in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), this Court can reach the merits in his claim. He adds in his Reply that his counsel abandoned him, and therefore, his procedural default should be excused. (Doc. No. 13.) He agrees that he could have filed the Rule 37 petition, and although he "accepts full responsibility for both of his [attorneys'] failure," he is "an unexperienced (sic) pro-se" petitioner. (*Id.*) He argues that he solely relied upon his paid counsel and had no knowledge of ineffective assistance of counsel claims until after the statute of limitations had passed. However, it is well established that pro se status and lack of legal education do not constitute sufficient cause to excuse procedural default. *Stanley v. Lockhart*, 941 F.2d 707, 710 (8th. Cir. 1991).[3]

Mr. Beaver's lack of legal knowledge does not constitute "cause" for procedural default so the Court concludes *Martinez* would not apply in this case. However, if the Court assumed *Martinez* applied, it would perform a merits review of the defaulted claims if (1) the claim of ineffective assistance was substantial, (2) the "cause" was that Mr. Beaver had

---

[3]*See also Smittie v. Lockhart*, 843 F.2d 295 (8th Cir.1988); *Ellis v. Lockhart*, 875 F.2d 200 (8th Cir.1989); *Vasquez v. Lockhart*, 867 F.2d 1056 (8th Cir.1988), *cert. denied*, 490 U.S. 1100 (1989); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905 (9th Cir.1986); *Alexander v. Dugger*, 841 F.2d 371 (11th Cir.1988).

no counsel in the postconviction proceeding, (3) the Rule 37 proceeding was the initial review proceeding with respect to the ineffective assistance of counsel claim, and (4) it was highly unlikely that Mr. Beaver had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal. *Trevino v. Thaler*, 133 S.Ct. 1911 (2013).  Here, Mr. Beaver's claim fails on the first prong of the analysis. He believes that his trial counsel[4] were "woefully" inadequate, but this Court carefully reviewed the trial transcript in this case and concludes that Mr. Beaver's claims of ineffective assistance of counsel are far from reaching the level of "substantial."

Mr. Beaver's remaining claims of cruel and unusual punishment and equal protection of law are also procedurally defaulted.[5]  Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Neither is applicable here. Mr. Beaver blames his lack of attempt to show any cause or prejudice to excuse procedural default on the fact that he is not a "highly skilled counsel-man." As stated above, this does not constitute sufficient cause.  Therefore, the remaining grounds for relief are

---

[4]Mr. Beaver retained two private attorneys to defend him at the trial level and on appeal.

[5]Mr. Beaver filed a motion asking the circuit court to have his consecutive sentence run concurrently. However, this is cannot be construed as bringing the cruel and unusual punishment claim to the state court according to state procedure.

procedurally defaulted and must be dismissed.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED, and the requested relief be DENIED.

DATED this 18th day of June, 2015.

*[signature]*
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE